IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANDRA KENNERSON | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-cv-1485 |
| | § | |
| v. | § | JURY |
| | § | |
| PRAIRIE VIEW A&M UNIVERSITY | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff SANDRA KENNERSON (hereinafter "Plaintiff" or "Kennerson") by and through her attorney Joshua A. Verde of The Verde Law Firm, PLLC, and for her Original Complaint against Defendant PRAIRIE VIEW A&M UNIVERSITY (hereinafter "Defendant" or "PVAMU"), does hereby state and allege as follows:

NATURE OF THE CASE

1. This is a suit for unpaid wages, overtime compensation, retaliation damages, liquidated damages, attorney's fees, and costs under the Fair Labor Standards Act (FLSA). Plaintiff also brings suit for interference with her rights under the Family and Medical Leave Act (FMLA) and retaliation under the FMLA.

INTRODUCTION, JURISDICTION AND VENUE

2. Plaintiff seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, *et seq*. and under the Family and Medical Leave Act (FMLA) 29 U.S.C. § 2601, *et seq*.

3. Jurisdiction of this action is conferred on this Court by 28 U.S.C. § 1331 (federal question).

4. Plaintiff was employed to work at Defendant's campus in Prairie View, Waller County, Texas. Accordingly, venue lies within this District, pursuant to 28 U.S.C. § 1391.

5. At all times material herein, Plaintiff was entitled to the rights, protections and benefits provided under the Fair Labor Standards Act as amended, 29 U.S.C. § 201, *et seq.* and under the Family and Medical Leave Act (FMLA) 29 U.S.C. § 2601, *et seq.*

## THE PARTIES

6. Plaintiff, Sandra Kennerson, is an individual and citizen of the State of Texas.

7. Defendant PVAMU is a public university located in Prairie View, Texas. It can be served with process through its President, Ruth J. Simmons, 700 University Drive, Prairie View, Texas 77446.

## FACTUAL ALLEGATIONS

8. Kennerson was hired by PVAMU in December 2016 as a temporary employee and promoted to full time employee in January 2019.

9. PVAMU is a public university operating under the Texas A&M University System.

10. Kennerson worked as an Administrative Associate IV, reporting directly to Annamalai Annamalai, Professor and Interim Department Head.

11. As an Administrative Associate IV, Kennerson was paid an hourly wage. She was not paid on a salary basis.

12. At all times applicable hereto, Kennerson was an exemplary employee.

13. Kennerson's primary work duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

14. Kennerson's rate of pay was $23.09 per hour. Kennerson was frequently required to work after normal business hours, including evenings and weekends. Her supervisor would regularly communicate with her after business hours and give her work assignments.

15. Not only was Kennerson not paid for this work, she was not paid for all of her overtime hours in accordance with the FLSA. She was not paid 1.5x her hourly rate nor was she always provided with "comp time" to compensate her for overtime hours, as required by law.

16. Kennerson regularly worked more than forty (40) hours per work week.

17. On March 24, 2022, Kennerson complained to her direct supervisor (Annamalai) that she was a non-exempt hourly employee, and that any work over forty (40) hours per week would be overtime. Although Annamalai responded that he was unaware Kennerson was not salaried, he continued to make after-hours requests.

18. On March 28, 2022, Kennerson's physician, Melissa Felinski, DO, sent paperwork to PVAMU indicating that Kennerson was seeking leave under the FMLA. The note expressly said "FMLA forms to follow." On March 29, 2022, completed FMLA forms (WH-380-E) were faxed to Defendant.

19. On March 31, 2022, Kennerson was provided a "Notice of Employment Termination" by Annamalai. The letter did not state a reason for termination. Prior to March 31, 2022, Kennerson had no disciplinary issues at work under Annamalai and was not on probation or otherwise subject to discipline. The termination caught Kennerson by surprise as she had received no warning.

20. Defendant is an employer as that term is defined in the FLSA.

21. Defendant was notified on occasion – and should have known otherwise anyway – about their violations of the Fair Labor Standards Act.

22. Despite notice, Defendant failed to correct the violations.

23. Defendant's actions were willful and were taken with the knowledge that the acts violated the wage and hour provisions of the Fair Labor Standards Act.

24. Kennerson was a protected employee under the FMLA and exercised her rights under the FMLA.

25. As a direct and proximate result of Defendant's discrimination, interference, and retaliation, Kennerson has suffered damages in the form of lost wage, lost overtime compensation, lost benefits, lost back pay, lost front pay, and mental anguish, past and future.

## CLAIMS FOR RELIEF
### (COUNT 1 – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT)

26. Kennerson re-alleges and incorporates by reference the paragraphs state above as if they were set forth verbatim herein.

27. At all relevant times hereto, Defendant was an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

28. At all relevant times hereto, Defendant employed "employee[s]," including "administrative associates" who were engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

29. At all relevant times hereto, Defendant was an enterprise whose business done was not less than $500,000 annually.

30. The acts of the supervisors complained of herein are the acts of the Defendant under *respondeat superior*.

31. The FLSA requires Defendant, as a covered employer, to compensate all non-exempt employees or all hours worked, and to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

32. Kennerson is entitled to compensation for all hours worked.

33. Kennerson is entitled to be paid overtime compensation or comp time for all overtime hours worked; overtime compensation includes the overtime premium as provided for within the FLSA.

34. At all relevant times hereto, Defendant, pursuant to their policies and practices, failed and refused to compensate Kennerson for work performed in excess of forty (40) hours per week.

35. At all relevant times hereto, Defendant engaged in a knowing and willful policy, pattern, and/or practice of requiring or permitting Kennerson to perform work in excess of forty (40) hours per week without compensation, including overtime compensation.

36. At all relevant times hereto, the overtime work performed by Kennerson was required or permitted by Defendant, for the benefit of Defendant, and was directly related to Kennerson's principal employment with Defendant. Further, Kennerson's overtime work was an integral and indispensable part of her employment with Defendant.

37. Defendant violated the FLSA by failing to pay Kennerson for all hours actually worked and by failing to pay Kennerson at least one-and-a-half times her regular rates of pay for all hours worked in excess of forty (40) in a work week. Defendant further failed to provide comp time, where comp time was an option under the FLSA.

38. These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201, *et. seq*.

39. The FLSA also imposes specific employment record-keeping requirements, including the obligation to keep accurate records of all hours worked. By failing to record, report, and/or preserve records of hours worked by Kennerson, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine her wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et. seq*., including 29 U.S.C §§ 211(c) and 215(a). These violations were knowing and willful within the meaning of 29 U.S.C. § 201, *et. seq*.

40. Kennerson is entitled to the burden-shifting provisions regarding proof of hours worked as set out in Anderson v. Mt. Clemens Pottery Co. due to the violations of Defendant.

41. As a result of Defendant's violations of applicable law, Kennerson is entitled to recover from Defendant, the amount of her unpaid wages and overtime compensation, an additional equal amount as liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), prejudgment interest, attorney's fees, litigation expenses and court costs pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

(COUNT 2 – INTERFERENCE WITH RIGHTS/RETALIATION UNDER FMLA)

42. Kennerson re-alleges and incorporates by reference the paragraphs state above as if they were set forth verbatim herein.

43. Kennerson was an eligible employee under the FMLA. She submitted a request for leave under the FMLA.

44. Defendant was subject to the FMLA.

45. Kennerson was entitled to the leave under FMLA that she requested.

46. Kennerson gave notice of the leave or otherwise complied with company policy concerning notice and leave.

47. Defendant ultimately interfered with Kennerson's rights under FMLA, and caused Kennerson's damages by failing to grant leave under the FMLA and terminating her employment for requesting leave under the FMLA.

48. Kennerson was treated less favorably than other employees who had not requested leave under the FMLA.

### (COUNT 3 – IN THE ALTERNATIVE, RETALIATION UNDER FAIR LABOR STANDARDS ACT)

49. Kennerson re-alleges and incorporates by reference the paragraphs state above as if they were set forth verbatim herein

50. In the alternative, Kennerson was terminated because she asserted her rights under the FLSA and complained about Defendant's FLSA violations. Section 15(a)(3) of the FLSA prohibits retaliation of this kind.

### ATTORNEY'S FEES AND LIQUIDATED DAMAGES

51. Kennerson seeks to recover her attorney's fees and costs pursuant to the FLSA and FMLA.

52. Kennerson seeks liquidated damages as permitted by the FLSA and FMLA.

### LEAVE TO AMEND

53. Kennerson reserves the right to amend this Complaint as indicated by the law and as the facts dictate.

### JURY DEMAND

54. Kennerson requests a trial by jury.

WHEREFORE, premises considered, Plaintiff Sandra Kennerson prays that Defendant be summoned to appear herein and answer; further plaintiff prays and requests:

a.  that this Honorable Court enter a declaratory judgment, declaring that Defendant has willfully and wrongfully violated their statutory obligations under the FLSA and deprived Kennerson of the protections and entitlements provided her under the law;

b.  that this Honorable Court order a complete and accurate accounting of all the compensation to which Kennerson is entitled;

c.  that this Honorable Court enter a judgment in favor of Kennerson and award Kennerson monetary damages in the form of back-pay compensation (including overtime), liquidated damages equal to her unpaid compensation, damages for violations of the FMLA, including liquidated or punitive damages where appropriate, front pay, and interest thereupon;

d.  that this Honorable Court award Kennerson her attorney's fees and costs of the action; and

e.  such other and further relief as the Court deems just and proper.

Dated: May 9, 2022

Respectfully submitted,

THE VERDE LAW FIRM, PLLC

/s/ Joshua A. Verde
Joshua A. Verde
attorney-in-charge
State Bar No. 24077590
Fed ID No. 1760723
4600 Highway 6 North, Suite 320
Houston, TX 77084
Phone: 713-909-4347
Fax: 713-588-2431
josh@verde-law.com

ATTORNEY FOR PLAINTIFF
SANDRA KENNERSON