United States District Court
Southern District of Texas
**ENTERED**
September 13, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| SANDRA KENNERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-1485 |
| | § | |
| PRAIRIE VIEW A&M UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Sandra Kennerson sued her former employer, Prairie View A&M University, for alleged violations of the Fair Labor Standards Act and the Family and Medical Leave Act. The University seeks dismissal under Rule 12(b)(1), arguing that state sovereign immunity bars jurisdiction. (Docket Entry No. 5). Kennerson opposes dismissal but seeks leave to file her first amended complaint and add new defendants to this action if suit against the University is barred. (Docket Entry No. 11). For the reasons set forth below, both motions are granted. The complaint against the University is dismissed, with prejudice to reasserting the claims against the University because amendment would be futile, but with leave to amend the complaint to add as defendants the individuals whose acts in connection with Kennerson's employment are challenged.

**I.      Background**

Kennerson's complaint alleges that the University employed her full-time from January 2019 until her firing in March 2022. She alleges that she was paid an hourly wage, but that she was not paid for overtime as federal law requires. Kennerson alleges that she complained to her supervisor on March 24, 2022, but that her supervisor did not remedy the violation. Separately, Kennerson submitted forms requesting self-care leave under the Federal and Medical Leave Act

on March 29, 2022.  On March 31, 2022, Kennerson received a termination notice.

Kennerson argues that the University violated the Fair Labor Standards Act by failing to pay her for hours she worked over a 40-hour work week and fired her in retaliation for requesting leave under the Family and Medical Leave Act, in violation of 29 U.S.C. § 2615(a)(1)–(2), or, in the alternative, fired her for complaining about the lack of overtime pay of the Fair Labor Standards Act, in violation of 29 U.S.C. § 215(a)(3).  The University asserts sovereign immunity as a bar to suit.

## II.     Sovereign Immunity

"Federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it."  *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014).  The University "is an agency of the State of Texas," entitling it to state sovereign immunity.  *Sullivan v. Tex. A&M Univ. Sys.*, 986 F.3d 593, 595 (5th Cir.), *cert. denied*, 142 S. Ct. 216 (2021).  That immunity is claim-specific; it does not apply if, as to a particular claim, Congress has abrogated state sovereign immunity or the state has waived its immunity.  *Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30, 35 (2012).  Congress did not abrogate, and the State of Texas did not waive, the State's immunity as to either the Fair Labor Standards Act or the self-care provisions of the Family and Medical Leave Act.

"The Supreme Court made clear more than two decades ago that sovereign immunity applied to claims brought against states under the [Fair Labor Standards Act]."  *Stramaski v. Lawley*, 44 F.4th 318, ___ n.1 (5th Cir. 2022).  If the State has not waived immunity, a plaintiff's "only option under the FLSA [is] to sue [a] state employee in an individual capacity."  *Id.*; *see Alden v. Maine*, 527 U.S. 706, 757–58 (1999).

Kennerson argues that the University did waive its immunity from suits under the Fair Labor Standards Act because its publicly available websites state that the University is subject to the Act's requirements. (Docket Entry No. 11). But to waive state sovereign immunity, a state must "make[] a 'clear declaration' that it intends to submit itself to [federal court] jurisdiction." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999) (quoting reference omitted). The bar for waiver is high. *Cf. id.* ("Nor does [a state] consent to suit in federal court merely by stating its intention to 'sue and be sued,' or even by authorizing suits against it 'in any court of competent jurisdiction.'" (quoting references omitted)). A statement of compliance with a federal statute does not clear that bar and is not equivalent to consenting to be sued in federal court. The University is immune from suits under the Fair Labor Standards Act.

Kennerson does not allege waiver as to the Family and Medical Leave Act. The case law is clear that Congress has abrogated state sovereign immunity under this Act only in cases arising under provisions that Congress passed using its enforcement power under § 5 of the Fourteenth Amendment. In *Nevada Department of Human Resources v. Hibbs*, 538 U.S. 721 (2003), the Court held that the family-care provisions of the Act abrogated state sovereign immunity because they were passed to remedy gender discrimination in the workplace. *Id.* at 736–38. But in *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012), the Court held that the self-care provisions of the FMLA were not passed under Congress's § 5 power because there was no evidence of gender discrimination in self-care leave. *Id.* at 37. "[T]the self-care provision is not a valid abrogation of the States' immunity from suit." *Id.*

Although Kennerson sought leave under the self-care provision, she argues that the basis of her suit is the retaliation provision and escapes the immunity bar. This argument lacks merit. The retaliation she alleges is based on her attempt to seek leave under the self-care provision.

3

Kennerson cites no support in case law or legislative history to distinguish immunity from suit under the retaliation provision as opposed to the self-care provision. Instead, the case law supports the opposite point, that retaliation for self-care leave under the Family and Medical Leave Act is barred by state sovereign immunity. *See Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015).

### III.   Dismissal and Leave to Amend

As to Kennerson's motion for leave to amend, "[i]t is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971). This is Kennerson's first amended complaint, and the motion was filed close in time to when Kennerson could have amended the complaint as of right under Rule 15(a)(1)(B). Kennerson's motion for leave to amend to add the individual defendants is granted. The complaint against the University is dismissed, with prejudice and without leave to amend, because amendment would be futile. The dismissal is with leave to amend to add the individual defendants. The amendment must be filed by **September 16, 2022.**

SIGNED on September 12, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District
Judge